## CHARLES HUCKABE v. STATE.

No. A-8129.   Nov. 21, 1931.
(5 Pac. [2d] 408.)

Williams & Sasseen, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of the unlawful possession of intoxicating liquor, and sentenced to pay a fine of $225, and to be imprisoned in the county jail for 60 days, and has appealed.

The testimony on behalf of the state tends to show that the officers secured a search warrant to search the premises of the defendant; they went to the home of the defendant and searched his home and the buildings on its curtilage and found no intoxicating liquors. It further shows that after they had searched the defendant's home and buildings on the curtilage, they went to an old place owned by J. H. Beck, which place was shown by the

record to be seventeen 25-foot lots, or a distance of 425 feet from the defendant's home; they searched a dugout on the Beck lots and found a quantity of whisky.

The only evidence introduced by the state that tends to connect the defendant with the whisky is the evidence that the defendant had put some fence around the lot for Beck, and had some chickens that ranged as far from home as the Beck lots. The testimony further shows, and by a plat exhibited, that there are a number of houses occupied by families closer to the Beck place than the defendant. The main house on the Beck place had been destroyed by fire, leaving the garden spot and dugout on the place. The testimony shows that the fence on the north side of the Beck lots was down and parties could go on the Beck lots at will. It was further shown that there was a garden growing on the lots and different parties went to the lots to gather greens.

The defendant testified that he knew nothing about there being any whisky on the lots and that he had no control of the lots other than he had at one time put up some fence for the witness J. H. Beck inclosing two sides of the lots, and that a public street or highway passed by the Beck property. J. H. Beck testified that the defendant had no control over his lots where the officers claim the whisky was found. This is in substance all the testimony.

The defendant has assigned several errors alleged to have been committed by the court in the trial of the case, the first being that the trial court erred in overruling the motion of the defendant for a new trial. In defendant's motion for a new trial he raised the question of the sufficiency of the evidence to sustain the judgment. We agree with the contention of the defendant that the evi-

dence is not sufficient to sustain the judgment. In fact, there is no testimony that in any way whatever connects the defendant with the actual or constructive possession of any whisky alleged to have been found by the officers on the Beck property. Neither of the officers claims to have seen the defendant exercising any ownership or possession over the whisky.

After a careful reading of the record, we hold that there is no competent testimony to connect the defendant with the possession of the whisky.

The cause is reversed.

EDWARDS, J., concurs. CHAPPELL, J., absent, not participating.